# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE VASQUEZ-SILVA, ) | |
|              Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-99-JMS-WGH |
| ) | Case No. 2:10-cr-0026-JMS-CMM-1 |
| UNITED STATES OF AMERICA. ) | |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jose Vasquez-Silva ("Vasquez-Silva") for relief pursuant to 28 U.S.C. ' 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The ' 2255 Motion

*Background*

On August 25, 2011, a Second Superseding Indictment was filed charging Vasquez-Silva and others with multiple counts. Count 1 charged Vasquez-Silva with conspiracy to distribute 500 grams or more of a mixture of methamphetamine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts 2 and 3 charged Vasquez-Silva with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Count 7 charged Vasquez-Silva with robbery, in violation of 18 U.S.C. § 1951. Count 8 charged Vasquez-Silva with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Count 10 charged Vasquez-Silva with illegally reentering the United States after being removed, in violation of 8 U.S.C. § 1326(a), (b)(2). On September 22, 2011, Count 10 was dismissed without prejudice. On December 19, 2011, the government filed an information pursuant to 21 U.S.C. § 851(a)(1), charging that Vasquez-Silva had a prior felony narcotics conviction.

On December 21, 2011, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties submitted a written plea agreement. On that same day, the Court rejected the proposed plea agreement because certain statements made by Vasquez-Silva undermined the factual basis for one of the counts. A second change of plea hearing was held on December 22, 2011. At that hearing, the Court advised Vasquez-Silva of his rights and the penalties he faced if convicted and heard the factual basis for Vasquez-Silva's plea. The Court found that Vasquez-Silva was fully competent and able to enter an informed plea; that Vasquez-Silva's plea was made knowingly and voluntarily; and that an independent factual basis to support the plea was established. The Court then accepted Vasquez-Silva's plea agreement and adjudged him guilty as charged as to Counts 1, 2, and 3 of the Second Superseding Indictment.

On April 23, 2012, the Court sentenced Vasquez-Silva to 300 months' imprisonment, to be followed by ten years of supervised release. Vasquez-Silva was also assessed the mandatory assessment of $300. Judgment was entered on May 3, 2012. On May 8, 2012, Counts 7 and 8 of the Second Superseding Indictment were dismissed pursuant to the plea agreement.

Vasquez-Silva filed a notice of appeal on April 24, 2012. On December 28, 2012, the Seventh Circuit granted the government's motion to dismiss the appeal on the basis that Vasquez-Silva had waived his right to appeal as part of his plea agreement. The mandate dismissing the appeal was issued on January 23, 2013. On March 18, 2013, Vasquez-Silva filed his motion to vacate pursuant to 28 U.S.C. § 2255.

*Discussion*

*Claims*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Vasquez-Silva contends that his counsel was ineffective in negotiating his plea agreement, among other deficiencies.

The United States responds that a) Vasquez-Silva's ' 2255 motion is barred by the waiver of post-conviction relief rights in the plea agreement, and b) he was provided effective assistance of counsel.

*Terms of Plea Agreement*

In the Plea Agreement, Vasquez-Silva agreed to plead guilty to Counts 1, 2 and 3 of the Second Superseding Indictment. Plea Agreement, ¶ 1. In exchange for the government's agreement to withhold from filing an Information pursuant to 21 U.S.C. § 851 alleging that Vasquez-Silva committed a second prior felony drug conviction, Vasquez-Silva agreed to enter into a binding plea agreement for a sentence of 300 months' imprisonment and "expressly waive[d] his right to appeal the conviction and any sentence imposed on any ground, . . . [and also] expressly agree[d] not to contest, or seek to modify, his conviction or his sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255." Plea Agreement, ¶ 12.

In addition to the waiver of appellate rights, because Vasquez-Silva pled guilty pursuant to Fed. R. Crim P. 11(c)(1)(C), and because his sentence did not exceed that which was set forth in the agreement, he had no statutory right to appeal. *See* 18 U.S.C. § 3742(c)("[i]n the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) [now Rule 11(c)(1)(C)]

of the Federal Rules of Criminal Procedure - (1) a defendant may not file a notice of appeal . . . unless the sentence imposed is greater than the sentence set forth in such agreement . . . .").

*Legal Standard*

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Vasquez-Silva to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "'eliminate the distorting effects of hindsight.'" *Id.* at 523 (quoting *Strickland*, 466 U.S. at 689).

With respect to the prejudice requirement, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions

in cases in which 1) the plea agreement was involuntary, 2) the district court relied on a constitutionally impermissible factor such as race, 3) the sentence exceeded the statutory maximum, or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.*; *see also Hurlow v. United States,* 726 F.3d 958, 964 (7th Cir. 2013) ("appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement"); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of a deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.@).

To overcome a waiver provision in a plea agreement, a petitioner must establish that the plea agreement was not knowing and voluntary because it was "the product of ineffective assistance of counsel" or was "tainted by ineffective assistance of counsel." *Hurlow,* 726 F.3d at 967 (internal quotations omitted). In *Mason,* the court stated that the following analysis should be considered in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Mason,* 211 F.3d at 1069. As noted, to prevail in an ineffective assistance of counsel claim as to a guilty plea, a movant must demonstrate through objective evidence that counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, he

would not have pled guilty and would have insisted on going to trial. *Mulero v. Thompson,* 668 F.3d 529, 537 (7th Cir. 2012); *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011).

<u>Analysis</u>

Vasquez-Silva first argues that the government and the Court worked his criminal case around the Super Bowl and the Court's dental issues. He contends that this constituted misconduct and a denial of his due process rights. He further alleges that counsel was ineffective for failing to raise this issue on appeal. This claim does not have any bearing on the voluntariness of his plea agreement nor on the negotiation of the plea waiver.[1] Therefore, it is barred by the waiver provision in the plea agreement.

Vasquez-Silva's second claim is that he was pressured, intimidated, and forced to plead guilty by his attorney, the prosecuting attorney, and the Court. Vasquez-Silva's supplemental claim, filed on July 3, 2013, is that the Court improperly participated in the plea negotiations. The theme of both of these claims is that his plea was not voluntary.

In support of these claims, Vasquez-Silva alleges his request to have more than 72 hours to review the proposed plea agreement and his request for a different attorney were both improperly denied. Vasquez-Silva's contention that he was not given sufficient time to review the plea agreement is meritless. He was, in fact, given additional time during and after the

---

[1] The references to the Super Bowl and to the Court's dental appointment occurred during the final pretrial hearing and plea hearing on December 21, 2011. (Dec. 21, 2011, Final Pretrial Conference Transcript ("Dec. 21 Transcript"), docket 881, pp. 35-36). The discussion of the Super Bowl was held in the context of trying to schedule a lengthy trial so that it could be completed before the Super Bowl was played in Indianapolis on February 4, 2012, to ensure parking for the jurors. *Id.* That discussion ended up having no bearing on the criminal proceedings, however, because Vasquez-Silva insisted that he wanted to plead guilty rather than go to trial. The reference to a dental appointment occurred when the Court concluded the December 21, 2011, conference at 3:10 p.m. so she could go to the dentist to treat a broken tooth. (Dec 21 Transcript, pp. 44-45). The conference was reconvened at 8:00 a.m. the following morning. This last minute dental problem resulted in no prejudice to Vasquez-Silva. In fact, it provided him additional time to consider his options with respect to the plea offer. There was no misconduct or ineffective assistance in relation to these circumstances. Even if this claim were not barred by the plea waiver, it would be dismissed as frivolous.

December 21, 2011, hearing to review the plea agreement. The Court took a recess from the hearing and allowed Vasquez-Silva's attorney to review the plea agreement with Vasquez-Silva and the translator. In addition, the plea was not accepted until the following day, so Vasquez-Silva had an additional evening to consider the plea agreement. With respect to his request for a different attorney, the Court discussed at length Vasquez-Silva's concerns, but Vasquez-Silva was not able to identify any basis on which the Court should change attorneys. (Dec. 21 Transcript, pp.2-8). Vasquez-Silva has not alleged any factual basis for his contention that counsel pressured him to plead guilty.

Vasquez-Silva's claim that his plea was not voluntary and therefore not barred by the plea waiver provisions are negated by the record. As pointed out by the government, on numerous occasions during the final pretrial conference Vasquez-Silva proclaimed that he was guilty and did not want to go to trial. (Dec. 21 Transcript, pp. 4, 10-11, 18, 25); (Dec. 21 Transcript, p. 14) ("I've said that I'm guilty the whole time. I've never said that I was innocent."). During the change of plea hearing on December 22, 2011, Vasquez-Silva stated under oath that no one had forced him to enter into the plea agreement. (Dec. 22, 2011, Plea Hearing Transcript, ("Dec. 22 Transcript"), docket 884, p. 5). It is clear that he believed that the government should have offered a lower sentence as part of the plea agreement, however, even if Vasquez-Silva continues to believe that his sentence was too harsh, he chose to accept the 300 month plea agreement instead of facing a potential life sentence at trial. Vasquez-Silva signed documents and testified under oath that he understood the possible penalties he faced and the terms of the plea agreement, including his acceptance of the waiver of his rights to file an appeal and an action under § 2255. (Plea Agreement, ¶ 12; Dec. 22 Transcript, pp. 7, 11-12). Vasquez-

Silva's sentence did not exceed the statutory maximum and is lower than his advisory sentencing guidelines range.

Vasquez-Silva's supplemental claim that the Court participated in plea negotiations is baseless. The written plea agreement was given to Vasquez-Silva 72 hours before the December 21, 2011, final pretrial conference. The Court was unaware of the terms of the plea offer prior to the conference. The terms of the plea agreement were brought to the Court and were not changed at any point during the conference. Vasquez-Silva's allegation that the Court exerted pressure on him to accept the plea is contradicted by the fact that the Court, in fact, rejected the plea because during the Court's review of the plea agreement with Vasquez-Silva, Vasquez-Silva did not admit part of the factual basis of the plea. The Court then proceeded to prepare for trial. Near the end of the conference, Vasquez-Silva again told his attorney that he did not want to go to trial and he wanted to plead guilty pursuant to the plea agreement. (Dec. 21 Transcript, pp. 43-45). It was then that the Court agreed to reconvene the final pretrial conference the following morning to determine if the parties could agree to terms on the plea agreement. *Id.* The Court expressly informed Vasquez-Silva that it could not "get involved with your negotiations with the government." (Dec. 21 Transcript, p.12). The Court told Vasquez-Silva that "[a]ll I can do is to make sure you understand both what you're charged with, what your rights are, including your right to go to trial, [and] the potential penalties you face." *Id.*

Vasquez-Silva's claim also fails to take into account all variables that go into negotiating plea agreements, not the least of which is what the government is willing to offer in each case. "[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel, . . . [including] the cooperation of the prosecutor, who has no obligation to offer such an agreement." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000). As pointed out by the

government, in light of the potential life sentence Vasquez-Silva faced if the government had filed an information pursuant to 21 U.S.C. § 851 alleging that he had committed two prior felony drug convictions, the agreement for a 300-month term of imprisonment obtained by Vasquez-Silva's counsel was extremely favorable. The government never indicated that it would accept a lesser sentence in any agreement. Under these circumstances, Vasquez-Silva has failed to show how counsel could have obtained a better result. He has shown no deficient performance in the negotiation of his plea agreement.

Vasquez-Silva's third claim is that the government never offered any expert testimony and evidence such a DNA, finger prints, voice exemplars, or other scientific proof that connected him to the phone recordings. He asserts that counsel failed to raise this issue on appeal. This claim does not fall within the narrow scope of claims that survive the waiver of appellate and post-judgment rights provision. The claim does not challenge the voluntary nature of Vasquez-Silva's plea nor does it assert any ineffective assistance of counsel with respect to the negotiation of the waiver. Therefore, the claim is dismissed because it is barred by the plea waiver.

Vasquez-Silva's fourth claim is that the government and Court erred by allowing the use of non-specified phone recordings in Spanish in court and by not requiring a Spanish speaking jury. This claim is not only barred by the plea waiver, it is dismissed as frivolous because there is no constitutional requirement to impanel a Spanish speaking jury if the case had gone to trial.

Vasquez-Silva has failed to show any objectively unreasonable or deficient performance on the part of his attorney. Because he has not established that counsel's performance was incompetent, the Court need not proceed to the "prejudice" inquiry. *Koons,* 639 F.3d at 351.

The terms of the plea agreement and his statements to the Court make clear that Vasquez-Silva understood he was waiving his rights to appeal and/or seek any collateral challenge.

"Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [a defendant] to renege on his representation under oath to the district court. . . ." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Vasquez-Silva has not met that burden here.

In sum, Vasquez-Silva has failed to show that his plea agreement was not knowingly and voluntarily made. In addition, he has not shown any ineffective assistance of counsel in relation to the negotiation of his plea agreement. To allow Vasquez-Silva to now contradict his written statements and his sworn testimony would defeat the very purpose of and benefits he received from the plea agreement.

Accordingly, as to all of his claims, the waiver provision of the plea agreement is valid and will be enforced. Vasquez-Silva's ' 2255 challenge is barred by the waiver provision in the plea agreement.

*Conclusion*

The foregoing shows that Vasquez-Silva is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, Case No. 2:10-cr-0026-JMS-CMM-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the Court finds that Vasquez-Silva has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/28/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jose Vasquez-Silva
62701-208
Leavenworth USP
Inmate Mail/Parcels
P. O. Box 1000
Leavenworth, KS 66048

Electronically registered counsel

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.